In the Matter of the Application of BERNARD BOLGER, Alias BERNARD BENSON, for Writ of Mandamus.— Application denied.

In the Matter of the Judicial Settlement of the Accounts of HAROLD DE FREEST, as Administrator with the Will Annexed, etc., of EGBERT DE FREEST, Deceased.— Decree unanimously affirmed, with costs to each respondent payable out of the estate.

In the Matter of FREDERICK G. SPENCER, an Attorney and Counselor at Law.— Order settled.

In the Matter of the Application of WALTER E. VANNIER and Others, Respondents, for an Order Requiring the ANTI-SALOON LEAGUE OF NEW YORK, Appellant, to File a Statement and Account of Receipts and Expenditures in Connection with the Fall Primary Election and the General Election of 1922.— Motion granted.

In the Matter of the Transfer Tax upon the Estate of SAMUEL D. COYKENDALL, Deceased.— Order reversed on the law, with costs, and application dismissed, with costs, on the authority of *Matter of Maresi* (74 App. Div. 76), and upon the ground that the surrogate was without power to make an additional assessment. All concur.

NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Appellant, v. CHARLES VICTOR LIVINGSTON, Respondent.— Motion to amend order granted.

SAMUEL PARSONS, Respondent, v. JAMES TIERNEY, Appellant. (Action No. 4.) — Order unanimously affirmed, with ten dollars costs and disbursements.

Before STATE INDUSTRIAL BOARD, Respondent. ANGELA B. PANTALENA, Respondent, v. BUFFALO UNION FURNACE COMPANY and Another, Appellants.— Award reversed and matter remitted to the State Industrial Board, without costs. All concur.

FRANK J. PECK, Appellant, v. ELLA J. SANDS, Respondent.— Motion granted. McCann, J., not sitting.

Before STATE INDUSTRIAL BOARD, Respondent. JULIA PETRAN, Respondent, v. ENDICOTT-JOHNSON CORPORATION and Another, Appellants.— Motion denied.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. FINCH, PRUYN & Co., INCORPORATED, and Others, Respondents.— Motion granted, and the following questions certified: 1. Did the Forest, Fish and Game Commissioner have legal power and authority to order this action to be brought? 2. Did the Forest, Fish and Game Commissioner have legal power and authority to compromise this action by accepting from defendants the deed which reserved to the defendants, grantors therein, the right to cut timber on the lands thereby conveyed? 3. Did the plaintiffs on the 4th day of January, 1909, the date of the deed given by defendants in settlement and compromise of this action, have a title to the lands thereby conveyed which under article VII, section 7, of the Constitution of the State of New York rendered void the reservation of timber rights contained in the deed of January 4, 1909, and the recognition of defendants' title by the plaintiffs in said deed?

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES KOHLMAN & COMPANY, INC., Now JOHNSON-BLAKE COMPANY, INC., for a Writ of Certiorari against WALTER W. LAW, JR., and Others, as and Constituting the State Tax Commission of the State of New York, Respondents.— Motion for reargument granted, and case set down for Tuesday, January fifteenth, at two P. M.